UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BELINDA YOUNG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:16-cv-3139 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Petitioner Belinda Young has filed a Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1), as well as an amended motion seeking the same relief (d/e 4). Young is serving a 10-year term in federal prison for conspiring to distribute 5 or more kilograms of cocaine. She asks the Court to vacate her sentence under Johnson v. United States, 135 S.Ct. 2551 (2015).

In Johnson, the Supreme Court held that the Armed Career Criminal Act's "residual clause" is unconstitutionally vague. See 18 U.S.C. § 922(e)(2)(B) (defining "violent felony" as felony that "involves conduct that presents a serious risk of physical injury to

another"); see also Welch v. United States, 136 S.Ct. 1257 (2016) ("Johnson announced a substantive rule that has retroactive effect in cases on collateral review").  Since Johnson, many prisoners have filed Section 2255 motions challenging the identically worded "residual clause" found in the Career Offender Guideline.  See USSG § 4B1.2(a)(2) (defining "crime of violence" as offense that "involves conduct that presents a serious risk of physical injury to another").

Here, Young qualified as a Career Offender because of two prior drug convictions: distribution of cocaine and delivery of a controlled substance.  (Presentence Investigation Report, United States v. Young, No. 3:14-cr-30024, Doc. 89 at ¶ 36 (C.D. Ill. Sept. 25, 2016).)  With the Career Offender Guideline enhancement, her guideline range was 262-327 months.  In imposing a sentence of 120 months in prison, the Court granted Young a significant downward departure from that guideline range—indeed, the Court imposed the lowest sentence it could legally impose.

As mentioned above, many Section 2255 petitioners have argued that Johnson impacts the Career Offender Guideline's residual clause, under which a defendant qualifies as a Career

Offender if she has two prior felony convictions for a "crime of violence." USSG § 4B1.1(a). But Young qualified as a Career Offender because she had two prior felony convictions for a "controlled substance offense," not for a "crime of violence." Id. Because Johnson does not implicate the "controlled substance offense" portion of the Career Offender Guideline, Johnson cannot entitle Young to relief.

Young cites several cases in addition to Johnson and Welch, but none support the proposition that Johnson has any effect on the "controlled substance offense" portion of the Career Offender Guideline. See United States v. McCloud, 818 F.3d 591, 594 n.1 (11th Cir. 2016) (declining to address whether defendant's armed robbery convictions qualified as violent felonies under the Armed Career Criminal Act); United States v. Wilson, 622 Fed.Appx. 393, 404 (5th Cir. 2015) (finding that defendant's burglary conviction was not a crime of violence under the Career Offender Guideline); United States v. Darden, 605 Fed.Appx. 545 (6th Cir. 2015) (remanding for reconsideration where district court had found that defendant's prior conviction qualified as a crime of violence).

Young presents a different argument in her amended Section

2255 motion, where she directs the Court's attention to the Ninth Circuit's recent decision in <u>United States v. Quintero-Leyva</u>, 823 F.3d 519 (9th Cir. 2016).  In <u>Quintero-Leyva</u>, the Ninth Circuit held that the amended commentary to USSG § 3B1.2—which provides for a reduced offense level for defendants who were minimal or minor participants in the criminal activity at issue—applies retroactively on direct appeals.  The Ninth Circuit remanded the case because it "c[ould] not determine from the record whether or not the [district] court considered all the factors now listed in § 3B1.2."  823 F.3d at 523.

Young argues that, under <u>Quintero-Leyva</u>, she should be considered for a sentence reduction based on Section 3B1.2's newly amended commentary.  But this case is not a direct appeal; it is a collateral attack, and consequently the <u>Quintero-Leyva</u> court's reasoning does not apply here.  Indeed, the proper avenue for a defendant seeking a sentence reduction based on an amendment to the Sentencing Guidelines is to file a motion under 18 U.S.C. § 3582(c)(2) (allowing modification to term of imprisonment if defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission").  <u>See</u>,

e.g., <u>Hearn v. United States</u>, No. 10-3092, 2010 U.S. Dist. LEXIS 108690, *12 n.2 (C.D. Ill. Oct. 12, 2010) (noting that a Section 2255 motion is "not the correct motion" for securing a sentence reduction based on an amendment to the Guidelines and that a petitioner seeking such relief should file a motion under 18 U.S.C. § 3582(c)(2)); <u>United States v. Jones</u>, No. 12-9407, 2014 U.S. Dist. LEXIS 94762, *25 n.12 (N.D. Ill. July 11, 2014) ("Section 3582 … is the proper vehicle for requesting a sentence reduction following changes to the sentencing guidelines, and its filing does not carry the same consequences as would a § 2255 motion.").

In Young's defense, she did include her criminal case number in the caption of her amended Section 2255 motion, so she may in fact have intended to present the argument in the form of a motion for a sentence reduction under Section 3572(c)(2).  But because Young styled the motion as a motion for a sentence reduction under "28 U.S.C. 2255"—and because the motion arrived one day before the deadline for her reply brief in support of her Section 2255 motion—the Court construed the motion as an amended Section 2255 motion and directed the Clerk of the Court to file it in Young's Section 2255 case.  To spare Young the burden of re-filing her

Section 3B1.2 argument, the Court will direct the Clerk to re-file the motion in her criminal case.  (However, the Court notes that Young's chances of prevailing appear slim because, even if Young were to have received a reduction under Section 3B1.2 from her base offense level of 30, the offense level would still have spiked to 37 after application of the Career Offender enhancement.)

The Government also argues that Young waived in her plea agreement the right to collaterally attack her sentence and that she has procedurally defaulted on her claim because she did not raise the issue on direct appeal.  Because the Court has determined that Young is not entitled to relief under Johnson in any event, the Court declines to address the Government's additional arguments.

For the reasons above, the Court finds that no evidentiary hearing is warranted and DENIES Young's Section 2255 motion (d/e 1) and amended Section 2255 motion (d/e 4).  Because Young has not made a substantial showing of the denial of a constitutional right, the Court also denies a certificate of appealability under Rule 11(a) of the Rules Governing Section 2255 Proceedings.  See 28 U.S.C. § 2253(c)(2).  The Clerk of the Court is DIRECTED to re-file Young's amended Section 2255 motion (d/e 4) as a Motion for

Sentence Reduction in Young's criminal case (No. 3:14-cr-30024).

The Court will address that motion in Young's criminal case.

This case is closed.

IT IS SO ORDERED.

ENTER:  August 24, 2016

FOR THE COURT:	s/ Sue E. Myerscough
	SUE E. MYERSCOUGH
	UNITED STATES DISTRICT JUDGE